```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KATHLEEN FAUST, | |
| Plaintiff, | CIVIL NO. 12-0274(NLH-JS) |
| v. | |
| NORTHFIELD BOARD OF EDUCATION, | **OPINION** |
| Defendant. | |

Appearances:

DANIEL M. KURKOWSKI
KURKOWSKI LAW, LLC
1252 ROUTE 109 S.
CAPE MAY, NJ 08204
*Attorney for plaintiff*

TIMOTHY R. BIEG
MADDEN & MADDEN
108 KINGS HIGHWAY EAST, SUITE 200
P.O. BOX 210
HADDONFIELD, NJ 08033-0389
*Attorney for defendant*

**HILLMAN**, District Judge

Before the Court is defendant's motion to dismiss. For reasons explained below, defendant's motion to dismiss shall be granted in part and denied in part without prejudice. Plaintiff's request to amend her complaint, as to any non-dismissed claims, will be granted.

### I. BACKGROUND

Plaintiff Kathleen Faust filed a complaint alleging that defendant Northfield Board of Education violated the New Jersey Law Against Discrimination ("NJLAD"), the New Jersey Conscientious

Employee Protection Act ("CEPA"), plaintiff's procedural due process rights pursuant to NLRB v. Weingarten, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975),[1] and plaintiff's rights under the First Amendment of the U.S. Constitution.  Plaintiff has also alleged that defendant made defamatory statements about her.

Shortly after removing this case to federal court, defendant filed a motion to dismiss.  Plaintiff's response was due on February 21, 2012.  On February 23, 2012, plaintiff filed a letter requesting a two week extension of time to respond to defendant's motion.  On March 20, 2012, more than three and half weeks later, plaintiff filed a response to the motion to dismiss attaching a proposed amended complaint.[2]

## II.   JURISDICTION

Plaintiff has alleged that defendant retaliated against her for exercising her rights under the First Amendment of the U.S. Constitution, and therefore, this Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  The Court exercises supplemental jurisdiction over

---

[1] "The Supreme Court's decision in NLRB v. Weingarten, 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975), entitles employees who are union members to union representation during investigatory interviews."  Dennis v. County of Atlantic County, --- F.Supp.2d ----, 2012 WL 1059420, at *12 (D.N.J. Mar. 28, 2012).

[2] Plaintiff argued that she properly filed an amended complaint by attaching a proposed amended complaint to her response.  This is incorrect.  As explained infra, plaintiff must seek leave to file an amended complaint.

plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

### III. DISCUSSION

#### A.    Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"

Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed district courts to undertake a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This

4

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

### B. Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a)(1), plaintiff was permitted to file an amended complaint once as a matter of course 21 days after defendant filed its motion to dismiss. Plaintiff filed her response attaching a proposed amended complaint 42 days after defendant filed its motion to dismiss and, therefore, cannot proceed pursuant to Rule 15(a)(1).[3]  See Hawkins

---

[3] Plaintiff argues that because defendant agreed to an extension for the due date of its opposition brief the time to amend without leave of court under Fed.R.Civ.P. 15(a)(1) was similarly extended. First, it appears that the extension was for two weeks and not the three weeks as represented by plaintiff. Second, although plaintiff's response was due February 21, 2012, she did not request an extension until two days after the deadline, which made it untimely. Third, the letter request for extension was never "so ordered" or otherwise approved by the Court because plaintiff did not state that she had conferred with opposing counsel prior to making her request. Plaintiff did, however, copy opposing counsel on the letter and opposing counsel filed no opposition to the request. Thus, permitting the untimely request for extension, and assuming the two week extension was granted, the deadline would have been March 6, 2012. Plaintiff did not file her response until March 20, 2012, a full two weeks beyond the extended deadline.
 Fourth, even if the request for an extension to file a response to the motion to dismiss was approved, plaintiff did not request an extension of the Rule 15(a)(1)(B) deadline to file an amended complaint as a matter of course. See Webb v. Republic Bank & Trust Co., No. 11-423, 2012 WL 2254205, at *2 (W.D.Ky. Jun. 15, 2012) (finding that an order extending deadline to respond to motion to dismiss did not extend the deadline to amend her complaint pursuant to 15(a)(1) because they are two separate deadlines); Hayes v. District of Columbia, 275 F.R.D. 343, 345 (D.D.C., Jul. 29, 2011) ("While the Court has the authority to extend both the time period for filing an opposition to a motion and the 21-day time period for filing an amended complaint as a matter of course under Rule 15, the simple fact that the Court granted an extension of the former time period does not automatically effect an extension of the latter and fuse these two separate deadlines into one."); Loceria Colombiana, S.A. v.

v. Coleman Hall, C.C.F., 453 Fed.Appx. 208, 209-210 (3d Cir. 2011).

Rather, plaintiff appears to be proceeding pursuant to Federal Rule of Civil Procedure 15(a)(2), which requires the opposing party's written consent, or leave of court.  Rule 15(a)(2) states that the Court "should freely give leave when justice so requires."  See Fed.R.Civ.P. 15(a)(2).  The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  See Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Defendant filed a motion to dismiss plaintiff's original complaint.  In her response, plaintiff agreed to dismiss her NJLAD, CEPA and Weingarten due process claims, but requested leave to file

---

Zrike Co., Inc., No. 10-5329, 2011 WL 735715, at *5 n.3 (D.N.J. Feb. 22, 2011) ("While Defendant filed a notice of adjournment of the return date for Plaintiff's Motion to Dismiss ..., Defendant did not request and was not granted, an extension of time to amend its counterclaim under Rule 15(a)(1)).
    Thus, the amended complaint was due on February 28, 2012, and even if plaintiff mistakenly assumed that she was granted a two week extension to file the amended complaint, the deadline would have been March 13, 2012.  Therefore, plaintiff's response and attached amended complaint filed on March 20, 2012 is untimely and procedurally defective under any scenario.

an amended complaint regarding her remaining claims of First Amendment retaliation and defamation. As discussed below, defendant has not shown that plaintiff should be barred from filing an amended First Amendment claim on grounds of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Defendant has shown, however, that the portion of plaintiff's defamation claim that accrued 90 days or more before plaintiff filed her notice of claim is barred under the New Jersey Tort Claims Act ("NJTCA") and, therefore, amendment of those claims is futile. The portion of plaintiff's defamation claim that accrued within 90 days of filing her claim, however, is not barred under the NJTCA and, therefore, may be amended.[4]

### D. First Amendment Claim

Defendant argues in its motion to dismiss that plaintiff's First Amendment claim must be dismissed because

---

[4] Granting leave to file an amended complaint technically moots the motion to dismiss since the motion seeks to dismiss the original complaint and the amended complaint supersedes the original complaint. See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) (stating "[a]n amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit."). Defendant did not present any argument in opposition to permitting plaintiff to amend her complaint. Nonetheless, since certain arguments raised by defendant in its motion to dismiss are not opposed by plaintiff, and demonstrate that amendment of those claims are futile, the Court shall rule upon those arguments. To be clear, allowing the plaintiff to file an amended complaint is not a ruling on the merits of her non-dismissed claims; only that plaintiff is permitted to amend those claims. Of course, defendant may choose to file a motion to dismiss the amended complaint.

plaintiff did not bring her claim pursuant to 42 U.S.C. § 1983, and because plaintiff has not demonstrated retaliatory harassment actionable under the First Amendment. Plaintiff states that she has corrected the deficiency by bringing her First Amendment claim in her amended complaint pursuant to 42 U.S.C. § 1983. Plaintiff also states that she has alleged that she has spoken out against defendant on matters of public concern including "rallying parents and teachers to attend a school board meeting in support" of a co-worker, "speaking publicly in objection to [the superintendent's] actions at school board meetings," "letters to the Board of Education complaining of the harassment" and other actions. Plaintiff alleges that she was retaliated against by defendant through "multiple classroom observations" not experienced by other teachers, including use of a surveillance camera, false accusations of sexual abuse, and false allegations to the Atlantic City prosecutor's office.

As stated above, defendant has not shown that plaintiff should be barred from filing an amended First Amendment claim on grounds of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Therefore, plaintiff will be permitted to file an amended complaint asserting a First Amendment claim.

### E. Defamation

Defendant also argues that plaintiff has neither met the

9

procedural requirements nor plead adequate facts in support of her defamation claim. Defendant argues that plaintiff's claims are barred by the notice provisions of the New Jersey Tort Claims Act ("TCA"). Plaintiff admits that her tort claims notice was not filed within the required 90 days, but argues that this Court has discretion pursuant to N.J.S.A. 59:8-9[5] to extend the time period, and that certain false accusations made in October 2011 by Dee Capizzo were within the 90 day accrual period.

       Plaintiff argues that on February 23, 2011, defendant brought false charges against her to the Atlantic City Prosecutor's Office and, on that same day, an individual named Antoinette

---

[5] N.J.S.A. 59:8-9 states,

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

Hedrich,[6] made false accusations about plaintiff in phone calls to teachers and administrators.  In order for plaintiff to have filed a timely tort claims notice concerning the alleged events in February 2011, the notice had to be filed by May 24, 2011.  Plaintiff filed her tort claims notice on December 23, 2011, well beyond the 90 day limitations period.

Pursuant to N.J.S.A. 59:8-9, plaintiff had up to one year after accrual of her claim, or until February 23, 2012, to file a motion with the trial court asking for leave to file a late notice.  This matter was removed to this Court on January 17, 2012, and defendant filed its motion to dismiss on February 7, 2012.  Plaintiff did not apply to this Court, or state court prior to removal, for leave to file a late tort claims notice.  It was not until March 20, 2012, almost a month beyond the one year deadline, that plaintiff raised the issue.  Even so, plaintiff did not file a motion for leave to file late notice of claim, did not submit an affidavit based upon personal knowledge showing sufficient reasons constituting extraordinary circumstances for her failure to timely file notice of claim, and did not demonstrate that the defendant would not be substantially prejudiced by the delay.  See N.J.S.A. 59:8-9; see also Johnson v. U.S., No. 11-1528, 2011 WL 6097755, at *4 (D.N.J. Dec. 6, 2011) (finding that after the 90 day period

---

[6] Plaintiff does not provide Hedrich's title or position.  Presumably, she works for the Board of Education.

11

expires, the NJTCA allows a claimant, under certain circumstances, to petition the trial court to file a late notice of claim demonstrating that "the public entity or the public employee has not been substantially prejudiced" by the delay, and that there were "extraordinary circumstances" that led to the failure to file within the period of time prescribed); Snowden v. University of Medicine and Dentistry of New Jersey, 2012 WL 2505737, at *8 (N.J.Super.A.D. July 2, 2012) ("The claimant must apply to the court for permission to file a late notice of claim by motion supported by an affidavit showing sufficient reasons constituting extraordinary circumstances for the failure to timely file the notice of claim or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter.").

Accordingly, plaintiff's defamation claims based on events occurring in February 2011 are time barred. See McDade v. Siazon, 208 N.J. 463, 479, 32 A.3d 1122 (N.J. 2011) (stating that "plaintiffs' decision to forego the filing of a motion for leave to file a late notice of claim under N.J.S.A. 59:8-9 deprived the trial court of the opportunity to apply the legal standard prescribed by the Legislature for situations such as the one before us."). Plaintiff will not be permitted to amend her complaint with regard to those claims as defendant has demonstrated that such amendment would be futile.

With regard to plaintiff's claim regarding false

12

statements made by Dee Capizzo in October 2011, that claim accrued within the 90 day deadline of plaintiff's tort claim notice filed on December 23, 2011, and therefore, is not time barred. Even though the claim is not barred, defendant argues that plaintiff has failed to identify the alleged false statements with enough specificity. Defendant has not, however, shown why plaintiff should not be permitted to amend her claim regarding the October 2011 events on grounds of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Therefore, plaintiff will be permitted to file an amended complaint asserting any defamation claim that accrued within 90 days of filing her notice of claim on December 23, 2011.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's NJLAD, CEPA, and Weingarten due process claims are dismissed. Plaintiff's defamation claim concerning events that accrued 90 days or more prior to the filing a notice of claim pursuant to the NJTCA is dismissed. Plaintiff will be permitted to file an amended complaint as to any non-dismissed claims.

An order will be entered consistent with this Opinion.

                                                     s/Noel L. Hillman
                                                     NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Dated: September 4, 2012